IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TANGEE RENEE LAZARUS, | ) CIV. NO. 21-00247-HG-RT |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HAKIM OUANSAFI, IOANE AH SAM, and STEPHANIE FO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING DEFENDANT HAKIM OUANSAFI'S MOTION FOR SUMMARY JUDGMENT (ECF No. 76)**

Plaintiff Tangee Renee Lazarus ("Plaintiff") is a resident of public housing administered by the Hawaii Public Housing Authority ("HPHA"). Plaintiff alleges that she has been subject to discrimination while residing in her HPHA unit. She alleges claims pursuant to the Fair Housing Act against three HPHA employees: Defendants Hakim Ouansafi, Ioane Ah Sam, and Stephanie Fo.

Defendant Oaunsafi is the Executive Director of the Hawaii Public Housing Authority. He has filed a Motion for Summary Judgment. The Motion argues that Plaintiff has failed to show that Defendant Oaunsafi was directly involved with the alleged discrimination against Plaintiff.

Defendant Oaunsafi's Motion for Summary Judgment (ECF No. 76) is **GRANTED.**

1

## PROCEDURAL HISTORY

On June 8, 2021, Plaintiff filed a Complaint.  (ECF No. 1).

On August 23, 2021, Defendants Ouansafi, Ah Sam, and Fo filed an Answer.  (ECF No. 17).

On July 21, 2023, Defendant Ouansafi filed a Motion for Summary Judgment.  (ECF No. 76).

On August 28, 2023, Plaintiff filed an Opposition.  (ECF No. 83).

On September 18, 2023, Defendant Ouansafi filed a Reply.  (ECF No. 85).

## BACKGROUND

The Hawaii Public Housing Authority administers the Kalakaua Homes Public Housing ("Kalakaua").  (Complaint at p. 2, ¶ 3, ECF No. 1).  Plaintiff is a Black woman who is a Kalakaua tenant.  (Id. at p. 2, ¶ 2).  Plaintiff alleges that she has faced discrimination since she moved into her building in July 2014.  (Id. at p. 4, ¶¶ 1-2).

Plaintiff filed a complaint with the United States Department of Housing and Urban Development in July 2019 alleging discrimination.  (Id. at p. 12, ¶ 22).  Plaintiff claims Kalakaua's management undertook retaliatory actions in response to her complaint.  (Id. at pp. 16-18, ¶¶ 24-30).  Plaintiff received a notice in August 2019 indicating that she could transfer to a new unit.  (Id. at p. 17, ¶ 27).  The transfer request had been sent to Plaintiff's therapist without

2

Plaintiff's knowledge.  (Id.)  Plaintiff believed that the transfer request was a threat.  (Id. at p. 19, ¶ 33).  Management offered her a unit in an area that had fewer economic advantages.  (Id. at p. 21, ¶ 38).

Plaintiff filed the Complaint in this matter on June 8, 2021.  The Complaint alleges that Plaintiff wrote a letter to Defendant Hakim Ouansafi, the Executive Director of the Hawaii Public Housing Authority.  (Id. at p. 22, ¶ 41).  The Complaint states that Plaintiff's letter described the discrimination and retaliation she faced at Kalakaua.  (Id.)

Defendant Ouansafi denies having received the letter.  (Declaration of Defendant Hakim Ouansafi ("Ouansafi Decl.") at ¶ 4, ECF No. 77-4).  Plaintiff has provided an email that she sent to Defendant Ouansafi alleging discrimination by tenants and retaliation by management.  (ECF No. 83-3).  The June 12, 2021 email is dated four days after Plaintiff filed this action.  (See id.)  Plaintiff's Declaration states that she has additional emails to Defendant Ouansafi that were unanswered.  (Declaration of Plaintiff Tangee Lazarus ("Lazarus Decl.") at ¶ 2, ECF No. 83-1).  The additional emails have not been provided in Plaintiff's Opposition to Defendant Ouansafi's Motion for Summary Judgment.

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To defeat

3

summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The burden is met by pointing out to the Court that there is an absence of evidence to support the non-moving party's case.  Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The Court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of

4

declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Nw. Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

The Court construes Plaintiff's Complaint liberally because it was filed prior to her representation by counsel. See Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 140 n.3 (2d Cir. 2000).

## **ANALYSIS**

The Complaint alleges claims against Defendants Ouansafi, Fo, and Ah Sam under the Fair Housing Act, 42 U.S.C. §§ 3604(b), (f), 3617. Defendant Ouansafi is sued in both his individual capacity and his official capacity as Executive Director of the Hawaii Public Housing Authority. He seeks summary judgment on the claims.

## I. Individual Capacity Claims

The Court construes the Complaint as alleging that Defendant Ouansafi violated the Fair Housing Act in two ways. First, it alleges a hostile housing environment. Second, it alleges retaliation.

### A. Hostile Housing Environment Claim

The Fair Housing Act prohibits racial discrimination in the "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith." 42 U.S.C. § 3604(b). The Fair Housing Act provides that it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" rights protected by the Act. 42 U.S.C. § 3617.

Federal District Courts within the Ninth Circuit have interpreted the Fair Housing Act to permit a hostile housing environment claim. Hicks v. Makaha Valley Plantation Homeowners Ass'n, No. CIV. 14-00254 HG-BMK, 2015 WL 4041531, at *11 (D. Haw. June 30, 2015). A hostile housing environment claim stems from the discriminatory conduct of other tenants. Id. Such a claim arises when a plaintiff can establish that they were subject to harassment that was sufficiently severe or pervasive so as to interfere with or deprive them of their right to use or enjoy their home. Id. It is necessary that the landlord knew or should have known of the harassment but failed to take appropriate action. Id.

6

To prevail, Plaintiff must establish three elements:

(1) that she was subject to unwelcome harassment based on her race;

(2) that the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and

(3) that the government supervisor knew or should have known about the harassment and failed to take prompt remedial action.

Id.; see also Fielder v. Sterling Park Homeowners Ass'n, 914 F. Supp. 2d 1222, 1227 (W.D. Wash. 2012).

Plaintiff has failed to provide sufficient evidence to defeat a Summary Judgment Motion. It is necessary for Plaintiff to establish that Defendant Ouansafi knew or should have known about the harassment. Defendant Ouansafi states that he never received a letter from Plaintiff that would have notified him that Plaintiff was being harassed by other tenants. (Ouansafi Decl. at ¶ 4, ECF No. 77-4). Defendant Ouansafi oversees a public housing authority that has approximately 45,000 tenants. (Id. at ¶ 5). He states he does not receive updates on day-to-day matters at HPHA properties. (Id.) Plaintiff has responded by providing an email she sent to Defendant Ouansafi on June 12, 2021. (ECF No. 83-3). The email is dated after Plaintiff filed her Complaint on June 8, 2021. An email sent after the case was filed is not evidence that Defendant Ouansafi knew of the conduct alleged in the Complaint.

Plaintiff's Declaration fails to provide evidence of Defendant Ouansafi's knowledge of harassment. The Declaration states that Plaintiff has found numerous previous emails that she

7

sent to Defendant Ouansafi. (Lazarus Decl. at ¶ 2, ECF No. 83-1). The emails were not provided in her Opposition. An uncorroborated assertion that such emails exist is insufficient. Federal Rule of Civil Procedure 56(e) requires that documents relied upon in an affidavit presented in an Opposition to a Summary Judgment Motion be attached to the affidavit. Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1261 (9th Cir. 1993).

Plaintiff's Declaration also asserts that Defendant Ouansafi would have been personally informed of any case in which the United States Department of Housing and Urban Development investigated a discrimination complaint submitted by an HPHA tenant. (ECF No. 83-1 at p. 2, ¶ 7). A conclusory affidavit that is unsupported by specific facts does not raise a genuine issue of material fact that would defeat summary judgment. Hansen, 7 F.3d at 138.

Plaintiff cannot rely upon the fact that Defendant Ouansafi is the supervisor of other HPHA employees sued for creating a hostile housing environment. Mere supervisory authority over an employee found to have committed a violation of the Fair Housing Act is insufficient to render the supervisor individually liable. See Meyer v. Holley, 537 U.S. 280, 282, 290 (2003). A supervisor must instead participate in, authorize, or ratify the underlying conduct. Fielder, 914 F. Supp. 2d at 1227. There has been no such showing.

8

### B.  Retaliation Claim

The Fair Housing Act forbids retaliation in response to a person having exercised a right protected by the Act.  42 U.S.C. § 3617.  A Fair Housing Act retaliation claim requires the Plaintiff to establish the following elements:

(1) that she was engaged in a protected activity;

(2) that she suffered an adverse action in the form of coercion, intimidation, threats, or interference that was causally linked to the protected activity;

(3) that she suffered some resulting damage as a result of the adverse action

See San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998).  A retaliation claim made pursuant to the Fair Housing Act against a supervisor requires the Plaintiff to establish that the supervisor participated in, authorized, or ratified the retaliation.  See Fielder, 914 F. Supp. 2d at 1227.

Plaintiff has alleged that she was engaged in a protected activity by filing a complaint with the United States Department of Housing and Urban Development.  She states she experienced an adverse action in response to her complaint when offered the option to transfer to another unit because it was in an area with fewer economic advantages than her current unit.  (ECF No. 1 at p. 21, ¶ 38).  Plaintiff interpreted the transfer option to be a threat.  (Id. at p. 19, ¶ 33).

Plaintiff has not provided evidence that Defendant Ouansafi was personally aware of or involved in the transfer offer. Plaintiff's Declaration states Defendant Ouansafi would have

9

personally been involved in the transfer process because HPHA policy makes the Executive Director "responsible for all transfers." (ECF No. 83-1 at ¶ 4). No HPHA policy has been provided to support Plaintiff's position. An uncorroborated statement in an affidavit does not defeat summary judgment. Hansen, 7 F.3d at 138.

Defendant Ouansafi's Motion for Summary Judgment on the individual capacity claims is **GRANTED.**

**II.  Official Capacity Claims**

The Complaint additionally alleges claims against Defendant Ouansafi in his official capacity as Executive Director of the Hawaii Public Housing Authority.

An official capacity suit is treated the same as a suit against the entity of which the officer is an agent. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). The entity at issue here is the Hawaii Public Housing Authority. It is an agency of the State of Hawaii.

The Complaint seeks damages as well as declaratory and injunctive relief. (ECF No. 1 at pp. 24-26). The Complaint is construed as seeking only declaratory and injunctive relief with its official capacity claims. Sovereign immunity bars official capacity claims for monetary damages against the Defendants under the Fair Housing Act. See Kalai v. Hawaii, No. Civ. 06-00433 JMS-LEK, 2008 WL 3874616, at *3 (D. Haw. Aug. 20, 2008). Plaintiff may pursue declaratory and injunctive relief against

10

the Defendants in their official capacities because she alleges an ongoing violation of federal law.  <u>Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland</u>, 535 U.S. 635, 645 (2002); <u>Ex Parte Young</u>, 209 U.S. 123, 159-60 (1908).

The official capacity claims against Defendant Ouansafi are duplicative of the official capacity claims brought against Defendants Fo and Ah Sam.  The claims against all three Defendants seek the same prospective relief from the Hawaii Public Housing Authority.  Official capacity claims that are duplicative are subject to dismissal.  <u>Thomas v. Baca</u>, 2006 WL 132078, at *1 (C.D. Cal. Jan. 13, 2006).

Defendant Ouansafi's Motion for Summary Judgment as to the official capacity claims made against him is **GRANTED**.

### CONCLUSION

Defendant Oaunsafi's Motion for Summary Judgment (ECF No. 76) is **GRANTED**.

The following causes of action remain for trial:

<u>Cause of Action 1</u>: **Fair Housing Act Hostile Housing Environment Claim** against Defendants Fo and Ah Sam in their individual capacities (seeking damages) and in their official capacities (seeking declaratory and injunctive relief)

<u>Cause of Action 2</u>: **Fair Housing Act Retaliation Claim** against Defendants Fo and Ah Sam in their individual capacities (seeking damages) and in their official capacities (seeking declaratory and injunctive relief)

<u>Cause of Action 3</u>: **Fair Housing Act Reasonable Accommodation Claim** against Defendants Fo and Ah Sam in

11

```
                their individual capacities (seeking damages)
                and in their official capacities (seeking
                declaratory and injunctive relief)
```

DATED: October 3, 2023, Honolulu, Hawaii.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

Lazarus v. Ouansafi et al.; Civ. No. 21-00247 HG-RT; **ORDER GRANTING DEFENDANT OUANSAFI'S MOTION FOR SUMMARY JUDGMENT (ECF No. 76)**