IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TANGEE RENEE LAZARUS, ) | CIV. NO. 21-00247-HG-RT |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STEPHANIE FO and IOANE AH SAM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TRIAL PROCEDURE ORDER**
**PLAINTIFF'S MOTION IN LIMINE NO. 1 (ECF No. 94)**

Plaintiff Tangee Renee Lazarus ("Plaintiff") has filed one motion in limine.

On November 7, 2023, the Court held a Final Pre-Trial Conference during which the Court rendered an oral ruling on Motion in Limine No. 1. (ECF No. 94). The basis of the Court's ruling issued at the Final Pre-Trial Conference on November 7, 2023 is contained in this order.

<u>Motion in Limine No. 1 (ECF No. 94)</u>

Plaintiff requests that the Court exclude all evidence, references to evidence, testimony, or argument relating to any prior conviction and or incarceration of Plaintiff. (ECF No. 94).

Defendants filed an Opposition to Plaintiff's Motion in Limine. (ECF No. 97). Defendants have not provided the Court with any basis for denying Plaintiff's Motion in Limine.

1

Federal Rule of Evidence 404(b)
==============================

Pursuant to Federal Rule of Evidence 404(b)(1), evidence of other crimes, acts, or wrongs is not admissible to prove a person's character in order to show action in conformity with that character.  Pursuant to Federal Rule of Evidence 404(b)(2), evidence of other crimes, acts, or wrongs may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. See, e.g., Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000).  Rule 404(b) applies equally to civil and criminal cases. See, e.g., Huddleston v. United States, 485 U.S. 681, 685 (1988); Fed. R. Evid. 404, Adv. Comm. Note ("The admissibility standards of Rule 404(b) remain fully applicable to both civil and criminal cases.").

Defendants have not established that Plaintiff's prior acts speak to any of the purposes pursuant to Rule 404(b)(2). Plaintiff's prior acts are probative only of Plaintiff's character.  Such character evidence is prohibited pursuant to Rule 404(b)(1).

Federal Rule of Evidence 403
============================

Even if Plaintiff's past acts were shown to be relevant under Rule 404(b)(2), the evidence may be excluded if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403; see also Duran, 221 F.3d at 1133, n.3.  Unfair prejudice arises when proffered evidence creates "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." See White v. Ford Motor Co., 500 F.3d 963, 977 (9th Cir. 2007)(quoting Fed. R. Evid. 403, Adv. Comm. Note).

Plaintiff's past acts have limited probative value.  Any probative value of Plaintiff's past acts is substantially outweighed by the danger of unfair prejudice, jury confusion, and delay.  Admission of Plaintiff's past acts would establish an improper basis for the jury to decide the case. Id.  Plaintiff's past acts would confound and distract the jury from the causes of action alleged. Fed. R. Evid. 403.  The introduction of Plaintiff's past acts would cause undue delay.  See Duran, 221 F.3d at 1133 (excluding evidence under Rule 403 as its admission would require a "full-blown trial within this trial").

## CONCLUSION

Plaintiff's Motion in Limine No. 1 is **GRANTED.**

IT IS SO ORDERED.

Dated: November 14, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Lazarus v. Fo and Ah Sam; Civ. No. 21-00247 HG-RT; **TRIAL PROCEDURE ORDER PLAINTIFF'S MOTION IN LIMINE NO. 1 (ECF No. 94)**
3