IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TANGEE RENEE LAZARUS, | Civil No. 21-00247 HG-RT |
| Plaintiff, | |
| vs. | |
| STEPHANIE FO; IOANE AH SAM, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS STEPHANIE FO AND IOANE AH SAM'S MOTION FOR A BILL OF COSTS (ECF No. 150)**

On December 13, 2023, the amount of costs against Plaintiff was entered in error.  (ECF No. 151).  The matter was not referred to the Magistrate Judge for decision.  Docket Entry 151 is **STRICKEN.**

On June 8, 2021, Plaintiff filed a Complaint asserting claims of discrimination, retaliation, and failure to accommodate pursuant to the Fair Housing Act against employees of the State of Hawaii Public Housing Authority.

On November 20, 2023, following a four-day trial and two days of deliberation, the jury returned a verdict in favor of Defendants.  (ECF No. 141).

On December 5, 2023, Defendants filed a Motion for a Bill of Costs.  (ECF No. 150).

1

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND/PROCEDURAL HISTORY

On June 8, 2021, Plaintiff, proceeding pro se, filed a Complaint against Defendants Stephanie Fo and Ioane Ah Sam in both their individual capacities and official capacities as employees of the State of Hawaii Public Housing Authority.  (ECF No. 1).  Plaintiff's Complaint alleged claims of racial discrimination, retaliation, and failure to accommodate pursuant to the Fair Housing Act.  (Id.)

Also on June 8, 2021, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 3).  In the application, Plaintiff, who was living in State Public Housing due to a disability, explained that she was unemployed and received $350 a month in unemployment assistance and $350 a month in food stamps.  (Id. at p. 1).  Plaintiff stated that she had $50 in savings and had outstanding student loan debts.  (Id. at p. 2).

On July 1, 2021, proceeding pro se, Plaintiff paid the filing fee.  (ECF No. 5).

On November 11, 2021, Plaintiff became represented by counsel.  (ECF No. 26).

On November 20, 2023, following a four-day trial and two

days of deliberation, the jury returned a verdict in favor of the Defendants.  (ECF No. 141).

On November 28, 2023, Plaintiff's counsel was permitted to withdraw from the case.  (ECF No. 149).

Plaintiff is again proceeding pro se.

Defendants seek costs in the amount of $2,188.30.  (ECF No. 150).

## ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."

Although Rule 54(d) creates a presumption that costs will be awarded, the District Court has wide discretion in deciding whether to award costs.  See Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). A District Court has discretion to refuse or to reduce an award of costs, but it must specify the reasons for its refusal to award costs.  Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014).

The Ninth Circuit Court of Appeals has approved the following as appropriate reasons for denying costs:

    (1)  a losing party's limited financial resources;

    (2)  misconduct by the prevailing party; and/or

      (3)    the chilling effect of imposing high costs on future civil rights litigants.

Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003); Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1080 (9th Cir. 1999).

## I.  Plaintiff's Limited Resources

A plaintiff's limited financial resources may be an appropriate reason for denying or decreasing an award of costs. Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016).  Taxing costs is inappropriate where the award would render a party indigent, considering evidence presented by the party concerning its ability to pay and overall financial resources.  Escriba, 743 F.3d at 1248; Stanley, 178 F.3d at 1079-80.

The Court takes judicial notice of Plaintiff's limited resources based on the information in her application to proceed in forma pauperis.  See Ofeldt v. Nevada, 2010 WL 4607016, at *2 (D. Nev. Nov. 5, 2010).

Awarding costs in this case would be inappropriate as Plaintiff is indigent, living in public housing, unemployed, and lacks the ability to pay thousands of dollars in costs to the State of Hawaii Attorney General's Office.  Escriba, 743 F.3d at 1248; Stanley, 178 F.3d at 1079-80.

## II.  Costs May Be Denied Where Awarding Costs Would Chill Future Civil Rights Litigation

Imposing costs is inappropriate where it may have a chilling effect on future civil rights litigants.  Champion Produce, Inc., 342 F.3d at 1022.

Here, Plaintiff pursued civil rights claims as provided in the Fair Housing Act.  Plaintiff's claims were not frivolous.  Imposing costs in this case would be inappropriate because doing so may dissuade Plaintiff Lazarus or others from pursuing legitimate civil rights claims in the future.  Tubbs v. Sacramento Cnty. Jail, 258 F.R.D. 657, 660-61 (E.D. Cal. 2009).

The Court exercises its discretion to deny Defendants' Motion for a Bill of Costs.

### CONCLUSION

Defendants Stephanie Fo and Ioane Ah Sam's Motion for a Bill of Costs (ECF No. 150) is **DENIED.**

IT IS SO ORDERED.

DATED: December 13, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Lazarus v. Fo and Ah Sam; Civ. No. 21-00247 HG-RT; **ORDER DENYING DEFENDANTS STEPHANIE FO AND IOANE AH SAM'S MOTION FOR A BILL OF COSTS (ECF No. 150)**                5